UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EMPOWER TEXANS, INC., and<br>MICHAEL QUINN SULLIVAN,<br>     Plaintiffs,<br><br>v.<br><br>THE STATE OF TEXAS ETHICS<br>COMMISSION, and<br>NATALIA LUNA ASHLEY, in her<br>Official capacity as Interim Executive<br>Director of the Texas Ethics Commission,<br>     Defendants. | §<br>§<br>§<br>§<br>§   Civil Cause No. 1:14-CV-00172-SS<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT TEC'S RULE 12(B)(1) MOTION TO DISMISS**

TO THE HONORABLE SAM SPARKS, UNITED STATES DISTRICT JUDGE:

Defendants the Texas Ethics Commission (TEC) files this *Motion to Dismiss* for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1), and would respectfully show as follows:

**I.**

**BACKGROUND**

Plaintiffs assert, through 42 U.S.C. § 1983, *First* and *Fourteenth Amendment* challenges to Defendants' attempts to investigate sworn complaints before the TEC alleging that Plaintiffs failed to comply with the political action committee requirements under the Texas Election Code and the lobbyist registration provisions of the Texas Government Code. Doc. 1, pp. 13-21. As remedies, it seeks declaratory and injunctive relief enjoining lawful subpoenas issued by Defendants, invalidating TEX. ELEC. CODE §§ 251.001, *et seq.,* and TEX. GOV'T CODE § 305.003, enjoining their enforcement, and awarding it costs and attorney fees. Doc. 1 at 21-22 (Prayer for Relief). However,

Plaintiffs may not assert their claims for injunctive relief against TEC, and the same must be dismissed.

## II.

## ARGUMENT

**A.     Rule 12(b)(1) Dismissal Standard.**

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).  The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).  An action may be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on any of three separate grounds: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989).  Eleventh Amendment immunity operates as a jurisdictional bar, depriving federal courts of the power to adjudicate suits against a state. *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002); *Skelton v. Camp*, 234 F.3d 292, 295-96 (5th Cir. 2000).

**B.     The Plaintiffs' Claims Against TEC are Jurisdictionally Barred by *Eleventh Amendment* Immunity.**

It is unfortunate that in October of 2012 a state agency defendant still needs to raise an issue that has been a matter of well settled law for decades.  However, the TEC does not wish to suggest

by its silence that it is permissible to sue a state agency as such under 42 U.S.C. § 1983 merely because an official capacity defendant is added.

Throughout the 1970s and early '80s, section 1983 suits routinely named state agencies as defendants. Then the Supreme Court decisively and unequivocally clarified that, absent a valid waiver or abrogation, "Eleventh Amendment" immunity[1] bars a federal court from hearing claims for any relief, including prospective equitable relief, against a state or one of its agencies. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 n. 8, 100 (1984). The plaintiff must bring a section 1983 action for prospective injunctive or declaratory relief against a state official in his/her official capacity. *Union Pac. R.R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011). The state's immunity thus will not dispose of the entire suit because the same claim will proceed against defendant Ashley in her official capacity. However, because it is jurisdictional in nature, the Commission's immunity must be addressed and resolved. *Id.*

Under the Eleventh Amendment, federal courts lack jurisdiction to entertain suits in law or equity against a non-consenting state, or a state agency, by its own citizens. *See In re Soileau,* 488 F.3d 302, 305 (5th Cir.2007), *cert. denied,* 552 U.S. 1180 (2008); *Martinez v. Tex. Dep't of Criminal Justice,* 300 F.3d 567, 573 (5th Cir.2002). For Eleventh Amendment immunity purposes, a suit against a state agency is a suit against the state. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908 (1983). It is therefore well settled that, unless waived, *Eleventh Amendment* immunity deprives a federal court of jurisdiction to hear a suit for damages against the State of Texas, any of its agencies, or a Texas state official. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304 (1989); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347 (1974). TEC is

---

[1] What is commonly called "Eleventh Amendment immunity" is not really derived from the Eleventh Amendment. *Alden v. Maine*, 527 U.S. 706, 713 (1999) ("The phrase is convenient shorthand but something of a misnomer").

a state agency, created and administered under the statutes of the State of Texas, and is thus a state entity entitled to the full panoply of protections and immunities enjoyed by the State of Texas. *See* Tex. Gov't Code § 571.001, *et seq.*

### 1. Section 1983 does not waive TEC's Eleventh Amendment immunity.

The State's Eleventh Amendment immunity with respect to civil rights claims under 42 U.S.C. § 1983 has been litigated exhaustively; and the U.S. Supreme Court has unequivocally held that Section 1983 does not waive a state's immunity under the Eleventh Amendment. *Quern v. Jordan,* 440 U.S. 332, 338 n. 7, 99 S.Ct. 1139 (1979). Thus, state agencies, as subdivisions of the state, are entitled to the immunity defense when sued under 42 U.S.C. § 1983. *Will* 491 U.S. at 71; *see also Pennhurst,* 465 U.S. at 101-02. Because TEC is a state entity entitled to the full panoply of protections and immunities enjoyed by the State of Texas, TEC is entitled to Eleventh Amendment immunity. Therefore, this Court has no jurisdiction to hear any claims asserted directly against the TEC pursuant to 42 U.S.C. § 1983, and the same must be dismissed.

### 2. TEC is not a "Person" Under Section 1983.

Aside from its jurisdictional immunity, a state agency is not a "person" for purposes of a § 1983 claim. *Cronen v. Tex. Dept. of Human Servs.*, 977 F.2d 934, 936 (5th Cir. 1992) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)). *See also Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) (collecting cases). Consequently, the plaintiff cannot state a viable claim for relief under § 1983 against the TEC

### CONCLUSION

In view of the foregoing, the defendant Texas Ethics Commission respectfully urges that the Plaintiffs' claims against it be dismissed.

Respectfully submitted,

**GREG ABBOTT**
Attorney General of Texas

**DANIEL T. HODGE**
First Assistant Attorney General

**DAVID C. MATTAX**
Deputy Attorney General for Defense Litigation

**JAMES "BEAU" ECCLES**
Chief, General Litigation Division


 /s/ Gunnar P. Seaquist
GUNNAR SEAQUIST
Texas Bar No: 24043358
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4093
(512) 320-0667 FAX
Gunnar.seaquist@oag.state.tx.us

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      The undersigned certifies that the forgoing document has been served on the following counsel of record in this matter via the Court's CM/ECF electronic filing system:

James E. "Trey"Trainor
Joseph M. Nixon
**Beirne, Maynard, & Parsons, L.L.P.**
401 W. 15th St., Ste. 845
Austin, TX 78701

*Counsel for Plaintiffs*

Anatole Barnstone
**Law Office of Anatole Barnstone**
713 W. 14th St.
Austin, TX 78701

*Counsel for Movant for Intervention*

                                             <u>/s/ Gunnar P. Seaquist</u>
                                             Gunnar P. Seaquist
                                             Assistant Attorney General