FILED

2014 APR 25  PM 4: 18

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
            DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

EMPOWER TEXANS, INC.; and MICHAEL
QUINN SULLIVAN,
                    Plaintiffs,

-vs-                                                    Case No. A-14-CA-172-SS

THE   STATE   OF   TEXAS   ETHICS
COMMISSION; and NATALIA LUNA ASHLEY,
in her capacity as Interim Executive Director of
the Texas Ethics Commission,
                    Defendants.

_____

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and

specifically Plaintiffs Empower Texans, Inc. and Michael Quinn Sullivan's Motion for Temporary

Restraining Order [#7], and Defendants The State of Texas Ethics Commission and Natalia Luna

Ashley's Response [#17]; Movant Steve Bresnen's Motion to Intervene [#11], Plaintiffs' Response

[#12], and Bresnen's Reply [#14]; Movant Professional Advocacy Association of Texas's Motion

for Leave to File Amicus Brief [#15]; the Texas Ethics Commission's Motion to Dismiss [#23], and

Plaintiffs' Response [#29]; Movants Texas Right to Life Committee, Inc. and Texas Home School

Coalition Association, Inc.'s Motion to Intervene [#25]; and Plaintiffs' Motion for Leave to File

Reply [#34]. Having reviewed the documents, the governing law, and the file as a whole, the Court

now enters the following opinion and orders.

## Background

Empower Texans, Inc. is a non-profit, tax-exempt "social welfare" organization. *See* I.R.C. § 501(c)(4)(A). Empower represents its purpose is to inform voters about its preferred policy solutions, endorse political candidates, and "grade" legislators by evaluating their votes and placing them on a "Fiscal Responsibility Index" scorecard. Michael Quinn Sullivan is Empower's President and the founder of a separate Empower Texans Political Action Committee.

In April 2012, two Texas state representatives filed complaints against Empower and Sullivan with the Texas Ethics Commission (TEC). Those complaints alleged Empower had failed to properly report its political expenditures and comply with Texas state laws governing political action committees. The complainants also alleged Sullivan had failed to register as a lobbyist. In connection with its investigation of those complaints, the TEC issued subpoenas to both Empower and Sullivan. Plaintiffs responded by filing this lawsuit under § 1983, alleging the TEC subpoenas violate Plaintiffs' First Amendment rights. Plaintiffs also challenge Texas's lobbying laws, which exempt seven classes of persons from registering as lobbyists, as unconstitutional under the Fourteenth Amendment's Equal Protection Clause. Plaintiffs also contend they are being selectively prosecuted and denied due process.

Plaintiffs filed a Motion for Temporary Restraining order seeking only to enjoin the TEC from enforcing its subpoenas. The Court held a hearing on the motion on March 20, 2014. At the hearing, the Court instructed Plaintiffs to file a pleading regarding abstention under *Younger v. Harris*, 401 U.S. 37 (1971). Plaintiffs have since filed their responsive pleading, the TEC has moved to dismiss, and various non-parties have moved to intervene.

## Analysis

Because the TEC's motion to dismiss challenges this Court's jurisdiction, the Court addresses that motion first. The Court then turns to the abstention issue, and concludes abstention is appropriate in this case.

### I.      Motion to Dismiss

Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) allows a party to assert a lack of subject matter jurisdiction as a defense to suit. The burden of establishing subject matter jurisdiction by a preponderance of the evidence rests with the party seeking to invoke it. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

In evaluating a challenge to subject matter jurisdiction, the Court is free to weigh the evidence and resolve factual disputes so that it may be satisfied jurisdiction is proper. *See Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). In conducting its inquiry the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Id.* The Court must take the allegations in the complaint as true and draw all inferences in the plaintiff's favor. *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995); *Garcia v. United States*, 776 F.2d 116, 117 (5th Cir. 1985). Dismissal is warranted if the plaintiff's allegations, together with any undisputed facts, do not establish the Court has subject matter jurisdiction. *See Saraw*, 67 F.3d at 569; *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992).

The TEC moves to dismiss all claims against it on Eleventh Amendment immunity grounds. In general, the Eleventh Amendment bars suits against "the State or one of its agencies or departments," absent consent, waiver, or abrogation. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). The TEC contends it is immune from suit under § 1983, and this case should proceed only against Ashley, named in her official capacity. *See Ex parte Young*, 209 U.S. 123, 155–56 (1908) (Eleventh Amendment does not bar suits against state officials named in their official capacity seeking prospective injunctive relief). This is true, the TEC says, because it says so. Offering only a single, general citation to Chapter 571 of the Texas Government Code, the TEC asserts it is a "state agency" entitled to the protections of the Eleventh Amendment.

While not discounting the possibility the TEC may be entitled to Eleventh Amendment immunity, the Court declines to simply take the TEC's word for it. When faced with a purported state defendant, the Fifth Circuit has instructed courts to look to a list of six factors in determining "whether an entity is an arm of the state." *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991); *see also Laje v. R. E. Thomason Gen. Hosp.*, 665 F.2d 724, 727 (5th Cir. 1982) ("A federal court must examine the particular entity in question and its powers and characteristics as created by state law to determine whether the suit is in reality a suit against the state itself."). The TEC analyzes none of these factors, offering the Court no basis—other than the TEC's own representation—for deciding whether the TEC is properly considered a state agency, or an arm of the state, or something else. The Court therefore declines to dismiss the TEC on the basis of Eleventh Amendment immunity at this time.

The Court's conclusion is bolstered by the TEC's prior conduct before this Court. In 2012, the TEC and its then-Executive Director were sued in this Court under § 1983 for violating the First Amendment rights of another political organization. *See Texans for Free Enter. v. Tex. Ethics Comm'n*, No. 1:12-cv-845-LY (W.D. Tex. filed Sept. 12, 2012). Proceeding before Judge Yeakel, the TEC moved to dismiss on Eleventh Amendment grounds. In fact, the TEC's pending motion is an almost verbatim copy of its 2012 motion, right down to the reference to the filing date. *See* Mot. Dism. [#23], at 2 ("It is unfortunate that in October of 2012 a state agency defendant still needs to raise an issue that has been a matter of well settled law for decades."). Judge Yeakel dismissed the motion after granting a preliminary injunction against the TEC and its director. On appeal, the TEC did not raise an immunity defense, and the Fifth Circuit affirmed the preliminary injunction. *Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535 (5th Cir. 2013). The TEC subsequently agreed to the entry of a permanent injunction and final judgment against both the TEC and its director. *Texans for Free Enter.*, No. 1:12-CV-845-LY (W.D. Tex. Dec. 20, 2013). The TEC's conduct therefore suggests it is at least unsure whether it is an arm of the state immune from suit, and a conclusory sentence to the contrary is insufficient to persuade the Court it lacks jurisdiction.

## II.    *Younger* Abstention

As the Fifth Circuit has recognized, "[i]n *Younger*, the Supreme Court instructed federal courts that the principles of equity, comity, and federalism in certain circumstances counsel abstention in deference to ongoing state proceedings." *Wightman v. Tex. Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996) (internal quotation marks omitted). Abstention is proper under *Younger* when three criteria are met: "(1) the dispute should involve an 'ongoing state judicial proceeding;' (2) the state must have an important interest in regulating the subject matter of the claim; and (3)

there should be an 'adequate opportunity in the state proceedings to raise constitutional challenges.'" *Id.* (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Although *Younger* itself dealt with an ongoing state criminal proceeding, its reach has been expanded to civil proceedings and state administrative proceedings. *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 626–27 (1986). The question before the Court is whether this case is one in which the Court should abstain in deference to the ongoing proceedings before the TEC. The Court holds it is.

As an initial matter, the Court notes Plaintiffs concede the first two requirements for abstention under *Younger* are met in this case. *See* Pl.'s Brief [#26], at 5 ("To be clear, the first two (2) elements of the *Younger* doctrine test have likely been met."). There is undeniably an ongoing state administrative proceeding pending before the TEC, and the TEC's interest in enforcing Texas's election laws is important. Plaintiffs only challenge the existence of the third element, and raise the possibility they may also meet an exception to the abstention doctrine even if all three elements are met.

The third element of the *Younger* abstention doctrine asks whether Plaintiffs had, or will have, "an opportunity to present their federal claims in the state proceedings." *Juidice v. Vail*, 430 U.S. 327, 337 (1977). Plaintiffs' "failure to avail themselves of such opportunities does not mean that the state procedures were inadequate." *Id.* In this case, there are (or were) adequate opportunities for Plaintiffs to present their constitutional claims. A formal hearing before the TEC is subject to the procedural protections of the Texas Administrative Procedure Act. TEX. GOV'T CODE § 571.139(c); *see also id.* §§ 2001.051–.202. Plaintiffs may appeal any adverse final decision rendered by the TEC,

-6-

and receive a trial de novo in which their constitutional challenges may be litigated. *See id.* §§ 2001.171–.173.

With respect to the subpoenas in particular, Plaintiffs could have also moved for a protective order (i.e., moved to quash) in the district court. *Id.* § 571.137(d) ("A respondent has the right to quash a subpoena as provided by law.").[1] Additionally, all parties concede the TEC's subpoenas are not self-executing. If Plaintiffs refuse to comply with the TEC's subpoenas, as they have consistently done so far,[2] the TEC must present the subpoena to the state district court for enforcement. *Id.* § 571.137(c) ("If a person to whom a subpoena is directed . . . refuses to produce books, records, or other documents . . . the commission shall report that fact to a district court in Travis County. The district court shall enforce the subpoena by attachment proceedings for contempt in the same manner as the court enforces a subpoena issued by the court."). If the TEC seeks enforcement of the subpoenas through the state courts, Plaintiffs will again have opportunities to raise their defenses to the production of the requested documents, whether constitutional or otherwise. If the trial court enforces the subpoena, that decision is also appealable, and the appellate court may consider constitutional and other challenges to the production of the documents. *E.g.*, *Sinclair v. Savs. & Loan Comm'r of Tex.*, 696 S.W.2d 142, 144 (Tex. App.—Dallas 1985, writ ref'd n.r.e.) (reviewing various constitutional and non-constitutional challenges to subpoena). Plaintiffs may also have a mandamus

---

[1] Counsel for Plaintiffs and the TEC represented before this Court the TEC itself rules on motions to quash, rather than a district court. Texas law, however, incorporates "limitations of the kind provided for discovery under the Texas Rules of Civil Procedure" into the discovery process in contested cases. TEX. GOV'T CODE § 2001.091(a). The Texas Rules of Civil Procedure provide a mechanism for moving for a protective order in district court. TEX. R. CIV. P. 176.6(e). Plaintiffs do not contend they moved for a protective order in the state district court in this case.

[2] Before this Court, Plaintiffs' counsel represented he and his clients were "happy to produce" certain documents, but as of the hearing Plaintiffs had not produced anything in response to the subpoenas. Hrg. Tr. [#32], at 40.

remedy available. *See Pelt v. State Bd. of Ins.*, 802 S.W.2d 822, 829 (Tex. App.—Austin 1990, no writ) ("If the trial court improperly overrules a motion to quash that it was required to sustain, or otherwise directs production of undiscoverable information, mandamus will issue to correct the error and set aside the order.").

Plaintiffs seem particularly disturbed by the thought they might face legal consequences for failing to comply with a subpoena. Setting aside the fact that Plaintiffs could have moved to quash the subpoena rather than file a federal lawsuit, Plaintiffs' argument is irrelevant. Nothing in *Younger* and its progeny requires Plaintiffs to be immunized from the consequences of their actions while pursuing their legal arguments. True enough, noncompliance with a subpoena may spur a contempt action; noncompliance in the contempt action may lead to the issuance of a fine. But those steps are not taken while Plaintiffs are absent. To the contrary, Plaintiffs can and should be present in the state courts showing cause why they are not complying with the subpoenas and litigating their defenses. The Supreme Court recognized these principles in *Juidice*, where the Court held *Younger* abstention was appropriate even though the party resisting the subpoena was held in contempt, fined, and jailed for his noncompliance. 430 U.S. at 329–30. The Court noted abstention is particularly appropriate where a state court contempt process is implicated, because federal court intervention "is an offense to the State's interest" equivalent to intervention in state criminal proceedings. *Id.* at 336 (internal quotation marks omitted); *see also id.* (recognizing "interference with the contempt process not only unduly interferes with the legitimate activities of the State, but also can readily be interpreted as reflecting negatively upon the state courts' ability to enforce constitutional principles" (internal quotation marks, alterations, and citations omitted)).

This Court and others have abstained in similar circumstances in the past. For example, this Court previously abstained under *Younger* when an advocacy focused non-profit sought an injunction prohibiting the enforcement of three grand jury subpoenas targeted at the group's political activities. *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 516–17 (5th Cir. 2004). The Fifth Circuit affirmed, finding each prong of the *Younger* analysis satisfied. *Id.* at 519–21. With respect to the third element in particular, the court noted the plaintiff could have moved to quash the subpoena, sought mandamus relief thereafter, or litigated its First Amendment defense "at any criminal trial arising from the grand jury investigation." *Id.* at 521. The Fifth Circuit's opinion thus confirms the relevant question under the third element is whether the plaintiff will be able to present its constitutional defenses at some point, not whether the plaintiff will have an opportunity to do so without exposing itself to negative consequences should it lose.

A recent decision from the Eighth Circuit, while not binding, is also on point. *See Geier v. Miss. Ethics Comm'n*, 715 F.3d 674 (8th Cir. 2013). In *Geier*, the Missouri Ethics Commission initiated an enforcement action against a political action committee and its founder, Geier. *Id.* at 676. Geier responded by filing suit in federal court, seeking an injunction on First Amendment grounds. *Id.* The district court *sua sponte* abstained on *Younger* grounds, and the Eighth Circuit affirmed on appeal. *Id.* at 680. As in this case, Geier conceded the existence of an ongoing state proceeding in which the state had an important interest. *Id.* at 678. The court rejected Geier's contention he did not have an adequate opportunity to raise his constitutional claims in the state court, finding Missouri's process for judicial review of final administrative decisions adequate. *Id.* at 679. As *Geier* reflects, even if the Plaintiffs here could only seek relief by means of an appeal after losing at the TEC, that avenue alone would be sufficient to protect their rights.

Finally, Plaintiffs contend they fall within one of *Younger*'s "narrowly delimited exceptions." *Earle*, 388 F.3d at 519. "Specifically, courts may disregard the *Younger* doctrine when: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it, or (3) application of the doctrine was waived." *Id.* (internal quotation marks omitted). Plaintiffs contend this is a case of bad faith prosecution, and further argue the production of their donor lists will result in irreparable injury justifying federal intervention.

Plaintiffs' arguments are wholly unpersuasive. The TEC is conducting an investigation on sworn complaints filed against Plaintiffs by state representatives. This is precisely the mission of the TEC. *See* TEX. GOV'T CODE § 571.121(a) ("The commission may . . . hold hearings . . . on a sworn complaint, and render decisions on complaints . . . ."). Plaintiffs' complaint that the TEC has "already found them guilty" is both hyperbolic and reflective of the TEC's express compliance with the statutes governing its operation. Specifically, the TEC is authorized to conduct formal hearings both when it determines a complaint presents credible evidence of violations of laws within its jurisdiction, and when it does not. *See id.* § 571.126. Because Texas law allows the TEC to conduct a formal hearing even when it "determines that there is insufficient credible evidence for the commission to determine that a violation . . . has occurred," the TEC's decision to move forward with formal hearings against both Empower and Sullivan does not evidence bad faith. *Id.* § 571.126(d). Plaintiffs have absolutely no evidence of bad faith or any nefarious motive by the TEC or anyone else.

The Court also rejects Plaintiffs' suggestion Texas Governor Rick Perry's decision to veto a bill calling for the disclosure of § 501(c)(4) contributor lists in 2013 shows Plaintiffs will suffer irreparable harm. As an initial matter, *Plaintiffs are not required to produce the lists*. They are free to withhold the documents, as they have done for months, and litigate their claims. Additionally, the TEC has represented to this Court its subpoenas "do not now, nor have they ever, sought blanket donor or subscriber lists." Def.'s Advisory [#28], at 2. The TEC has also "proposed subpoenas that expressly allow for the Plaintiffs to redact the names and other identifying information of subscribers, donors, and contributors so that information is not disclosed." *Id.* Plaintiffs have not shown they will be irreparably injured if their federal lawsuit is not allowed to proceed.

Because the requirements of the *Younger* abstention doctrine are satisfied, the Court declines to exercise jurisdiction over this case and abstains in deference to the ongoing proceedings before the Texas Ethics Commission.

## Conclusion

Accordingly,

IT IS ORDERED that the Defendant Texas Ethics Commission's Motion to Dismiss [#23] is DENIED;

IT IS FURTHER ORDERED that Plaintiffs Empower Texans, Inc. and Michael Quinn Sullivan's Motion for Leave to File Reply [#34] is GRANTED;

IT IS FURTHER ORDERED that all claims brought by Plaintiffs Empower Texans, Inc. and Michael Quinn Sullivan in the above-styled cause are DISMISSED WITHOUT PREJUDICE pursuant to *Younger v. Harris*, 401 U.S. 37 (1971);

IT IS FINALLY ORDERED that all other pending motions are DISMISSED AS MOOT.

SIGNED this the 25ᵗʰ day of April 2014.


SAM SPARKS
UNITED STATES DISTRICT JUDGE